IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JAMES MILES AND KIMBERLY A. MILES<br>    Plaintiffs,<br><br>v.<br><br>FIAT CHRYSLER AUTOMOBILES FCA US LLC AND JK/SK FCA US LLC<br>    Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Case No. 4:20-cv-2479<br><br><br><br>**JURY DEMANDED**<br><br><br>[Removed from the 458th<br>Judicial District Court<br>of Fort Bend County, Texas] |

**DEFENDANT FCA US LLC'S NOTICE OF REMOVAL**

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

Defendant FCA US LLC ("FCA US"), incorrectly identified as "Fiat Chrysler Automobiles FCA US LLC," files this Notice of Removal, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, to remove this action filed in the 458th Judicial District Court of Fort Bend County, Texas, to the United States District Court for the Southern District of Texas, Houston Division.  In support of this removal, FCA US respectfully shows the Court as follows:

    **I.**    **BRIEF FACTUAL AND PROCEDURAL BACKGROUND**

This is an automotive product liability lawsuit arising from a two-vehicle collision in Fort Bend County, Texas involving a 2015 Dodge Ram 3500 (VIN: 3C63RRGL4FG534184).  Plaintiffs allege the subject vehicle's air bags failed to deploy after their vehicle was impacted by a third party tortfeasor driving another vehicle.  *See*

**Exhibit A** (Pl.'s Orig. Pet) at ¶ 13. Plaintiffs allege the failure of the subject vehicle's air bags to deploy was the result of a defect and/or malfunction. *See id.* at ¶ 19, 24, 28-29.

Plaintiffs filed this lawsuit in the 458th Judicial District Court of Fort Bend County, Texas. *See id.* at p. 1. Plaintiffs named two defendants in this case: (1) FCA US and (2) JK/SK FCA US LLC ("JK/SK"). Against FCA US and JK/SK collectively, Plaintiffs assert claims for: (1) breach of warranty under the DTPA; (2) negligence related to an alleged breach of a duty of ordinary care for failing to "reimburse Plaintiffs for damages they sustained due to an accident where their airbag system failed[,]" and (3) gross negligence concerning an alleged breach of a duty of ordinary care and/or duty to warn with regard to an alleged design defect concerning the subject vehicle's air bag system. *See id.* at p. 4-9.

FCA US has appeared in state court and has denied Plaintiffs' allegations. *See* **Exhibit B** (FCA US's Orig. Answer). JK/SK has not yet been served in this case and has not appeared in state court. **Exhibit C** (State Court Docket Sheet). Plaintiffs allege JK/SK is a limited liability company that "is a resident of Texas." **Exhibit A** at ¶ 6-7. However, a diligent search of the information maintained by the Texas Secretary of State shows no registered entities under that name. Moreover, FCA US does not have any subsidiaries or otherwise affiliated companies, based in Texas or otherwise, with that name. JK/SK is a fraudulently joined defendant in this case.

## II. TIMELINESS OF REMOVAL

Plaintiff served FCA US with a copy of Plaintiff's Original Petition on June 15, 2020. *See* **Exhibit D** (Citation and Return of Service). Pursuant to 28 U.S.C. §

2

1446(b)(1), FCA US timely files this Notice of Removal within thirty (30) days after service of process.

### III. GROUNDS FOR REMOVAL

This removal is proper because the Court has subject matter jurisdiction based on complete diversity of citizenship between all properly-joined parties under 28 U.S.C. § 1332(a). Complete diversity of citizenship between the properly-joined parties existed at the time the underlying action was filed in state court (December 16, 2019), at the time FCA US was served (June 15, 2020), at the time FCA US answered in state court (July 2, 2020), and at the time of this removal (July 15, 2020).

Plaintiff's sole ground for defeating diversity jurisdiction is the addition of JK/SK, allegedly a Texas limited liability company, as a defendant. To the extent any such entity exists, no entity by that name is incorporated in Texas. Further, FCA US has no subsidiaries or affiliated companies known by that name, and there are no suppliers or dealers with such name. As stated above, JK/SK has not been served or otherwise made an appearance in state court. In addition, Plaintiff's Original Petition makes no allegations specific to the conduct of JK/SK and instead refers only to the Defendants collectively. Accordingly, JK/SK has been improperly joined in this cause for the purpose of defeating diversity jurisdiction and must be dismissed.

### A. Amount in Controversy

Plaintiffs affirmatively state in their Original Petition that they seek "damages in the amount of $3,300,000[.]" *See* **Exhibit A** at p. 9. Therefore, it is facially apparent from Plaintiffs' Petition that the amount in controversy exceeds the sum or value of

$75,000.00. *See Menendez v. Wal-Mart Stores, Inc.*, 364 F. App'x 62, 66 (5th Cir. 2010) (applying the "facially apparent" test).

B.     **Complete Diversity of Citizenship Between Properly Joined Parties**

   1.     **The Properly Joined Parties**

There is complete diversity of citizenship between all the properly joined parties to this lawsuit. On information and belief, Plaintiffs James Miles and Kimberly A. Miles are domiciled in Rosharon, Brazoria County, Texas and are citizens of Texas. *See* **Exhibit A** at p. 1.

FCA US is a Delaware limited liability company. FCA US has one member, FCA North America Holdings LLC, whose sole member is FCA Holdco B.V. FCA Holdco B.V. is 100% owned by Fiat Chrysler Automobiles, N.V., a publicly-traded corporation organized and existing under the laws of the Netherlands with its principal place of business in London, England. FCA US is therefore a citizen of the Netherlands and the United Kingdom for purposes of federal diversity jurisdiction. *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008) (holding that the citizenship of an LLC "is determined by the citizenship of all of its members"). FCA US is not a citizen of Texas for the purposes of diversity jurisdiction. *Id.*

   2.     **The Improperly Joined Party**

FCA US is entitled to remove this case to federal court because Plaintiffs have improperly joined JK/SK as a non-diverse defendant in an attempt to defeat diversity jurisdiction. Plaintiffs have failed to plead facts or otherwise establish that the non-diverse defendant exists, much less that it may be liable under Texas law. No one has

appeared for the JK/SK in the state court action or otherwise manifested that JK/SK exists, and no such entity is incorporated with the Texas Secretary of State. Under Texas law, a suit may be maintained only by and against parties who have an actual or legal existence. *Cornish v. Texas Bd. of Criminal Justice Office of the Inspector Gen.*, 141 F. App'x 298, 299 (5th Cir. 2005) ("A Texas defendant may only be sued if it has an actual or legal existence"); *see also Kingman Holdings, L.L.C. as Tr. of Foothill Pine 20923 Land Tr. v. Chase Home Fin., L.L.C.*, No. 5:15-CV-019-RP, 2015 WL 13802564, at *2 (W.D. Tex. Apr. 20, 2015). Thus, JK/SK, as pled, is a "fictitious defendant" that does not appear to actually or legally exist, and thus may be disregarded for purposes of determining diversity jurisdiction. 28 U.S.C. § 1441(b)(1); *see Bogany v. CVS Pharmacy, Inc*, No. CV H-19-664, 2019 WL 1979838, at *1 (S.D. Tex. May 3, 2019).

A party may establish improper joinder in one of two ways: "'(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'" *See Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc) (quoting *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003)). The Court must decide the issue by conducting either "a Rule 12(b)(6)-type analysis" examining the allegations of a plaintiff's petition to determine whether the petition sufficiently states a claim under state law against a non-diverse defendant, or piercing the pleadings and conducting "a summary-judgment type analysis." *Int'l Energy Ventures Mgmt, L.L.C. v. United Energy Group, Ltd.*, 818 F.3d 193, 200 (5th Cir. 2016) (quoting *Smallwood*, 385 F.3d at 573). Both tests are capable of establishing the improper joinder of JK/SK here.

Under the "Rule 12(b)(6)-type analysis" test, a party is improperly joined when "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood*, 385 F.3d at 573. "[A] removing defendant [need not demonstrate an absence of *any possibility* of recovery in state court] . . . the defendant must demonstrate only that there is *no reasonable basis* for predicting that the plaintiff will recover in state court." *Gray ex rel. Rudd v. Beverly Enterprises-Mississippi, lnc.*, 390 F.3d 400, 405 (5th Cir. 2004) (emphasis in original). It is not sufficient for a plaintiff to show there is a "mere theoretical possibility of recovery under local law." *Badon v. RJR Nabisco Inc.*, 236 F.3d 282, 286 n.4 (5th Cir. 2000). Further, this Court's inquiry must be undertaken pursuant to the federal, rather than state, pleading standards. *Int'l Energy*, 818 F.3d at 207-08.

JK/SK is not a proper defendant in this lawsuit pursuant to the "Rule 12(b)(6)-type" test. First, Plaintiffs' Original Petition fails to plead facts or otherwise establish that JK/SK exists and/or is a citizen of Texas. JK/SK has not been served and has not appeared in state court. Moreover, Plaintiffs have failed to plead any facts alleging conduct specific to JK/SK in their Original Petition. Federal courts in Texas have repeatedly rejected the practice of "lumping" together the alleged actions of defendants for the purpose of defeating diversity jurisdiction. S*ee Lakeside FBCC, LP, v. Everest Indem. Ins. Co.*, No. SA-17-CV-00491-XR, 2017 WL 3448190, at *3 (W.D. Tex. Aug. 10, 2017); *Stephenson v. Standard Ins. Co.*, No. SA:12-CV-01081-DAE, 2013 WL 3146977, at *13 (W.D. Tex. Jun. 18, 2013); *King v. Provident Life & Acc. Ins. Co.*, No. 1:09-CV-983, 2010 WL 2730890, at *4 (E.D. Tex. June 4, 2010), report and recommendation

6

adopted, No. 1:09-CV-983, 2010 WL 2730888 (E.D. Tex. July 9, 2010) (citing *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999)).

Therefore, JK/SK cannot be liable to Plaintiffs as a matter of law. JK/SK is an improperly joined Defendant and there is complete diversity of citizenship between all properly joined parties. If the Court finds "a nondiverse party has been improperly joined to defeat diversity, that party *must* be dismissed without prejudice." *Probasco v. Wal-Mart Stores Texas, L.L.C.*, 766 Fed. Appx. 34, 36 (5th Cir. 2019) (emphasis in original) (citing *Int'l Energy*, 818 F.3d at 209). JK/SK is improperly joined here because there is no reasonable basis for this Court to predict that Plaintiff might be able to recover against JK/SK as pled. Thus, JK/SK must be dismissed pursuant to a "Rule 12(b)(6)-type" analysis.

Additionally, the improper joinder of JK/SK can also be demonstrated pursuant to a "pierce the pleadings" analysis. FCA US will show that no entity named "JK/SK FCA US LLC" is incorporated in Texas. Further, FCA US will show that it has no subsidiaries or affiliated companies known by that name, whether incorporated in Texas or elsewhere. Accordingly, pursuant to a "pierce the pleadings" analysis, JK/SK is improperly joined here and must be dismissed.

### IV.   CONSENT

Where removal is based on the alleged improper joinder of a co-defendant, Fifth Circuit precedent is clear that the consent of that co-defendant to removal is not required. *E.g., Rico v. Flores,* 481 F.3d 234, 239 (5th Cir. 2007); *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 1993) (per curiam); *Escalante v. Deere & Co.*, 3 F. Supp. 3d 587,

7

590 (S.D. Tex. 2014); *see also* 28 U.S.C. § 1446(b)(2)(A). Thus, it is not necessary for JK/SK to consent to this removal which is impossible since there is no facts plead that establish such an entity even exists.

## V. VENUE

Venue is proper in this Court under 28 U.S.C. § 1441(a) because this district and division embrace the place in which the removed state court action has been pending. Specifically, the 458th Judicial District Court of Fort Bend County, Texas, is geographically located within the Houston Division of the United States District Court for the Southern District of Texas.

## VI. COMPLIANCE WITH PROCEDURAL REQUIREMENTS

Copies of all process, pleadings, orders, and other filings in the state-court suit are attached to this Notice, pursuant to 28 U.S.C. § 1446(a). Those documents include the following Exhibits:

   A. Plaintiff's Original Petition;
   B. Defendant FCA US LLC's Original Answer;
   C. State Court Docket Sheet;
   D. Citation and Return of Service re FCA US LLC;
   E. FCA US LLC's Jury Demand (state court); and
   F. Notice to State Court of Removal

FCA US will promptly file a notice of this removal with the clerk of the state court where the suit has been pending. A copy of that notice is attached as **Exhibit F**.

Concurrent with this Notice, FCA US is also filing a Disclosure Statement, pursuant to Federal Rule of Civil Procedure 7.1 and a Jury Demand.

In the event this Court subsequently identifies a defect in this Notice of Removal, FCA US respectfully requests this Court to grant FCA US leave to amend this Notice to cure the defect. *See, e.g.*, *Lafayette City-Parish Consol. Gov't v. Chain Elec. Co.*, No. 11-1247, 2011 WL 4499589, at *7 (W.D. La. Sept. 23, 2011) (explaining that "defendants may freely amend the notice of removal required by section 1446(b)").

By filing this Notice of Removal, FCA US does not waive any legal defenses or objections to Plaintiffs' Original Petition, but expressly reserves its right to raise any and all legal defenses or objections in subsequent pleadings in this Court.

This Notice of Removal is signed pursuant to Federal Rule of Civil Procedure 11, as required under 28 U.S.C. § 1446(a).

### VII.   JURY DEMAND

FCA US demands a trial by jury. FCA US made a jury demand in accordance with state law in the state court proceeding and has therefore preserved its right to a jury trial. *See* Fed. R. Civ. P. 81(c)(3)(A).

### VIII.   CONCLUSION

In conclusion, FCA US represents that it has properly complied with the removal statutes set forth above, and this case thus stands removed from the 458th Judicial District Court of Fort Bend County, Texas, to the United States District Court for the Southern District of Texas, Houston Division.

Signed pursuant to Federal Rule of Civil Procedure 11,

**GERMER BEAMAN & BROWN PLLC**

By:     */s/ G. Robert Sonnier*
        G. Robert Sonnier
        *Attorney-in-Charge*
        Texas Bar No. 18847400
        S.D. Bar No. 20069
        Ian M. Lancaster
        Texas Bar No. 24097964
        S.D. Bar No. 3450424

301 Congress Avenue, Suite 1700
Austin, Texas 78701
Telephone: (512) 472-0288
Fax: (512) 472-0721
rsonnier@germer-austin.com
ilancaster@germer-austin.com
**COUNSEL FOR DEFENDANT FCA US LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on July 15, 2020, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following counsel of record:

Nickolas A. Spencer
Bar No: 24102529
Spencer & Associates PLLC
8403 Westglen Drive, Suite 2000
Houston, Texas 77063
Telephone: 713-863-1409
Email: nas@naslegal.com

**COUNSEL FOR PLAINTIFFS**

                                           */s/ G. Robert Sonnier*
                                            G. Robert Sonnier