# Exhibit A

Filed
12/16/2019 5:37 PM
Beverley McGrew Walke
District Clerk
Fort Bend County, Texas
Sabrina Schiro

CAUSE NO. **19-DCV-269535**

| | | |
|---|---|---|
| **JAMES MILES AND KIMBERLY A. MILES** | § | **IN THE DISTRICT COURT** |
| *Plaintiffs* | § | |
| | § | |
| | § | **___ JUDICIAL DISTRICT** |
| **VS** | § | |
| | § | Fort Bend County - 458th Judicial District Court |
| **FIAT CHRYSLER AUTOMOBILES FCA US LLC AND JK/SK FCA US LLC** | § | **OF FORT BEND COUNTY, TEXAS** |
| *Defendants* | § | |

## PLAINTIFFS' ORIGINAL PETITION

NOW COME Plaintiffs, James Miles and Kimberly A. Miles, complaining of Defendants, Fiat Chrysler Automobiles FCA US LLC and JK/sk FCA US LLC, and for cause of action would show the Court the following:

### A. Discovery Control Plan

1. As provided in Rule 190, Texas Rules of Civil Procedure, Plaintiffs intend to conduct discovery under Level 2.

### B. Plaintiffs

2. James Miles, Plaintiff, is an individual whose address is 13406 Barton Meadow Lane Rosharon, TX 77583-2189.

3. Kimberly A. Miles, Plaintiff, is an individual whose address is 13406 Barton Meadow Lane Rosharon, TX 77583-2189.

### C. Defendants

4. Defendant, Fiat Chrysler Automobiles FCA US LLC, is a limited liability company. It can be served with process by serving C T CORPORATION SYSTEM, its registered agent, by personal delivery at the registered office located at 1999 Bryan St., STE. 900 Dallas, TX 75201.

5. This Court has jurisdiction over Fiat Chrysler Automobiles FCA US LLC because said Defendant purposely accepted the privilege of conducting activities in the State of Texas and established minimum contacts sufficient to confer jurisdiction over said Defendant.

6. Defendant, JK/sk FCA US LLC, is a limited liability company. It can be served with process by serving C T CORPORATION SYSTEM, its registered agent, by personal delivery at the registered office located at 1999 Bryan St., STE. 900 Dallas, TX 75201.

7. This Court has jurisdiction over JK/sk FCA US LLC because said Defendant is a resident of Texas.

### D. Venue

8. Venue is proper in this county in that the events giving rise to this cause of action occurred within Fort Bend County.

### E. Jurisdiction

9. The damages sought in this suit are within the jurisdictional limits of the Court. As required by Rule 47, Texas Rules of Civil Procedure, Plaintiffs state that Plaintiffs seek monetary relief over $1,000,000.

10. The facts of this action and the relief sought are subject to the application of Chapter 17 of the Texas Business and Commerce Code, and Defendants are not exempted from this action by Section 17.49 of that code.

### F. Notice of Claim

11. Plaintiffs delivered written notice of this claim to Fiat Chrysler Automobiles FCA US LLC on May 17, 2018 advising Fiat Chrysler Automobiles FCA US LLC in reasonable detail of the specific complaint made the subject of this action and the amount and nature of the damages and expenses sought. Fiat Chrysler Automobiles FCA US LLC was able to request in

writing an inspection, in a reasonable manner and at a reasonable time and place, any goods that are the subject this action.

12. Plaintiffs delivered written notice of this claim to JK/sk FCA US LLC on May 17, 2018 advising JK/sk FCA US LLC in reasonable detail of the specific complaint made the subject of this action and the amount and nature of the damages and expenses sought. JK/sk FCA US LLC was able to request in writing an inspection, in a reasonable manner and at a reasonable time and place, any goods that are the subject this action.

### G. Facts

13. On December 17, 2017 at 4:07PM, while driving north on 521 Missouri County Rd. in Fort Bend County, Plaintiffs were involved in an automobile accident with Felix Dominguez (hereinafter "Dominguez"). After running a red light, Dominguez collided with Plaintiffs, hitting the front driver's side at approximately 90mph. Despite traveling at a speed of roughly 60mph when they were hit, Plaintiffs' airbags never deployed.

14. Following the accident, Plaintiffs filed a claim with Defendants under an extended warranty (hereinafter "No. 33777914"). Upon filing their claim, Defendants' claims adjuster inquired into whether Plaintiffs had retained an attorney and told Plaintiffs that an inspector would be sent out to examine the totaled vehicle. Defendants also expressed a desire to conduct a dummy crash test using Plaintiffs' car to further uncover possible causes for the failed airbag deployment. Plaintiffs were further prodded as to the condition of the car prior to the accident and told that they should expect a letter from Defendants. Despite the adjuster's assurances and apologies, Plaintiffs never received a written report explaining Defendants' findings.

15. On or about April 24, 2018, Plaintiffs received a letter from Defendants claiming that at the time of collision, the car was not decelerating at the necessary rate to trigger the

airbag system. The letter went on to direct Plaintiffs to refer to their owner's manual for further information.

## H. Cause of Actions

### 1. Defendants' conduct violated the Express Breach of Warranty under the Deceptive Trade Practices Consumer Protection Act.

16. Defendants' conduct constituted violations under the Texas Deceptive Trade Practices Consumer Protection Act (Texas Business and Commerce Code, Chapter 17.41, et seq.) ("the Act Pursuant to the Deceptive Trade Practices Act (DTPA), Defendants breached a warranty to Plaintiffs. Pursuant to the Deceptive Trade Practices Act (DTPA), Defendants breached a warranty to Plaintiffs. Under Texas law, a plaintiff may assert a DTPA claim based on a breach of warranty whether express or implied. TEX. BUS. & COM. CODE §17.50(a)(2). Specifically, a claim for breach of express warranty may be asserted when a plaintiff can prove the following elements: (1) the plaintiff is a consumer; (2) a warranty exists; (3) the warranty was breached; and (4) the breached warranty is the producing cause of the plaintiff's damages. *Johnston v. McKinney Am.*, 9 S.W.3d 271, 282 (Tex. App.— Houston [14th Dist.] 1999); *Leonard & Harral Packing Co. v. Ward*, 883 S.W.2d 337, 342 (Tex. App.— Waco 1994). A plaintiff must show that the defendant breached an existing warranty with the plaintiff which resulted in his injuries.

17. Plaintiffs are consumers who purchased Defendants' Dodge brand vehicle from an authorized dealer in 2015. A consumer is defined as an individual who acquires or seeks out goods or services by purchase or lease. TEX. BUS. & COM. CODE §17.45(4). In 2015, Plaintiffs purchased their Chrysler Dodge vehicle from an authorized dealership. In exchange for possession of the vehicle and a monthly note, Plaintiffs provided the dealership with a down

payment. This purchase was an acquisition of a good through purchase as Plaintiffs paid money to acquire possession of their vehicle. Plaintiffs are consumers under the DTPA.

18. Defendants' conduct represented a breach of the following warranty in violation of Section 17.50(a)(2) of the Act. The extended warranty through Chrysler was an express warranty as defined by the DTPA. The DTPA requires a claimant to establish the existence of a warranty. Plaintiffs purchased an extended warranty with Chrysler when purchasing their car in 2015. This warranty was intended to cover parts and repairs for both normal wear and for malfunctioning parts. The expiration of said warranty extended beyond the average time for an express warranty. In exchange for this extended warranty, Plaintiffs paid an additional sum. Plaintiffs possessed a warranty as required under the DTPA.

19. Under the DTPA, Defendants' refusal to reimburse Plaintiffs for a malfunctioning airbag system is a breach of an express warranty. The DTPA requires a claimant to establish a breach of warranty. *Johnson v. McKinney Am.,* 9 S.W.3d at 282. After learning of the accident and inspecting the vehicle, Defendants conspired to make fraudulent statements to Plaintiffs regarding requirements for airbag deployment. Defendants falsely informed Plaintiffs that a failure to decelerate at the requisite rate was the root of the malfunction. Relying on these fraudulent statements, Defendants refused to accept liability for the defective airbags, thus failing to adhere to their express extended warranty for repairs and malfunctioning parts.

20. Due to Defendants' breach of the extended warranty, Plaintiffs have suffered financial loss in the form of vehicle replacement costs and medical expenses. The DTPA requires a claimant to establish that the defendant's breach caused the claimant's injuries. *Johnson v. McKinney Am.,* 9 S.W.3d at 282.

21. Following the accident, Plaintiffs have been forced to replace their vehicle while covering their medical expenses. Absent Defendants' breach of warranty, Plaintiffs would have avoided some of the financial strain of replacing a totaled vehicle having only a small payout from their insurance company. Defendants were obligated to cover the costs associated with malfunctioning parts yet failed to honor this obligation. As a result, Plaintiffs continue to suffer financially as they struggle to replace their vehicle while covering their increasing medical expenses. Absent Defendants' breach, Plaintiffs would not be carrying the financial burden of replacing their vehicle with limited funds.

### 2. *Defendants are liable for negligence because Defendants breached their legal duty.*

22. In addition to a breach of warranty under the DTPA, Defendants are also liable for negligence. Texas law provides that a claimant may bring a negligence claim when the following three elements exist: (1) legal duty; (2) breach of duty; and (3) damages proximately caused by the breach. *D. Hous., Inc. v. Love*, 92 S.W.3d 450, 454 (Tex. 2002). Put simply, a plaintiff can assert negligence if he can prove that the defendant breached a legal duty to the plaintiff which resulted in the plaintiff's damages.

23. Defendants had a legal duty to Plaintiffs when they entered a contractual relationship for the sale of goods. Texas law provides that a contractual relationship is sufficient to establish a legal duty in tort. *J. P. Morgan Chase Bank, N.A. v. Tex. Contract Carpet, Inc.*, 302 S.W.3d 515, 530 (Tex. App. 2009). Defendants established a legal duty to Plaintiffs when Defendants sold Plaintiffs their 2015 vehicle. When Plaintiffs gained possession of their vehicle in exchange for a down payment, they established a contract for the sale of goods. This sale of goods is enough to establish that Plaintiffs had a contractual relationship with Defendants, thus establishing a legal duty owed to Plaintiffs.

24.Defendants breached a legal duty by failing to reimburse Plaintiffs for damages caused by the vehicle's faulty airbag system. Texas law requires a claimant to establish that the defendant has breached its legal duty by failing to act as a similarly situated, ordinary prudent person. *Peek v. Oshman's Sporting Goods, Inc.*, 768 S.W.2d 841, 845-46 (Tex. App. 1989) (quoting *Vargas v. City of San Antonio*, 650 S.W.2d 4 177, 179 (Tex. App. -- San Antonio 1983 writ dism'd)). Defendants failed to reimburse Plaintiffs for damages they sustained due to an accident where their airbag system failed. This system failure cannot be attributed to any fault of Plaintiffs' and suggests the existence of some overall defect. An ordinary prudent car manufacturer in a similar circumstance would know not only to thoroughly inspect the vehicle, but also to reimburse the vehicle owner for damages exacerbated by the system's failure. However, Chrysler not only failed to reimburse Plaintiffs for their losses, but it also faulted them for the airbag system failure. Defendants' lack of action fails to meet the standard of an ordinary prudent car manufacturer with a malfunctioning vehicle model.

25. Defendants' failure to reimburse Plaintiffs has caused their financial injuries. To assert a negligence cause of action, a claimant must prove that his damages were proximately caused by the defendant's breach. *Del Lago Ptnrs. v. Smith*, 307 S.W.3d 762, 774 (Tex. 2010). But for Defendants' breach of duty, Plaintiffs would have avoided financial strain following their accident. Defendants failed to reimburse a consumer for a defect predating the consumer's purchase. Despite having knowledge of the details of the accident, Defendants avoided responsibility and fraudulently informed Plaintiffs of special circumstances under which the airbags should have deployed. Without Defendants' reimbursement for the airbag

failure, Plaintiffs have been left to cover the costs associated with replacing their old vehicle and covering medical expenses. Defendants' inaction has caused Plaintiffs' harm.

### 3. *Defendants are liable for gross negligence because Defendants acted with an extreme degree of risk and had actual awareness of the risk amounting to conscious indifference.*

26. Defendants committed gross negligence against Plaintiffs. Texas law allows a plaintiff to recover exemplary damages for injuries resulting from gross negligence. TEX. CIV. PRAC. & REM. CODE §41.003(a)(3); *Bennett v. Reynolds*, 315 S.W.3d 867, 871 n.13 (Tex.2010). Gross negligence can be determined by a two-part test.

27. First, the plaintiff must show that the defendant acted with an extreme degree of risk when compared to the potential for harm to another by engaging in conduct which exceeds a mere possibility of harm or a heightened possibility of minor injury. *Rayner v. Dillon*, 501 S.W.3d 143, 147 (Tex. App.— Texarkana 2016); see *Mobil Oil Corp. v. Ellender*, 968 S.W.2d 917, 921 (Tex.1998) (applying former conscious-indifference-malice standard); *Transportation Ins. v. Moriel*, 879 S.W.2d 10, 22 (Tex.1994). Secondly, the plaintiff must show that the defendant had actual awareness of the risk amounting to conscious indifference. *Mobil Oil Corp.*, 968 S.W.2d at 921; *Goodyear Tire & Rubber Co. v. Rogers*, S.W.3d (Tex.App.—Dallas 2017, n.p.h.) (No. 05-15-00001-CV; 8-31-17). A plaintiff can assert gross negligence if a defendant acted despite his knowledge of an extreme potential for risk to the plaintiff.

28. Defendants operated with an extreme degree of risk of potential harm to another by having a vehicle in the line of commerce with a malfunctioning airbag system. Under a gross negligence claim, a claimant must prove that an extreme risk of harm existed. *Rayner*, 501 S.W.3d at 147. Chrysler's 2015 Dodge vehicle had a serious defect with the airbag system. As

evidenced by the accident, this vehicle's airbag system failed to deploy upon impact. This alone caused an extreme degree of risk of harm to drivers operating this vehicle. Without protective airbag systems, the impact of a collision drastically increases and may result in more serious injuries. Chrysler failed to discover this system failure and approved of the sale. Selling a vehicle with this specific defect created an extreme degree of risk of harm to Plaintiffs.

29. Defendants' approval of the sale of a vehicle with a malfunctioning airbag system shows a conscious indifference to the potential harm to another. A gross negligence cause of action requires a plaintiff to show that the defendant was actually aware of the risk and exhibited a conscience indifference to it. *Rayner*, 501 S.W.3d at 147. Defendants' approval of the sale of a vehicle with faulty airbags shows a conscience indifference to the risk of harm to another. Defendants were aware of the importance of functional airbags as is evidenced through their request to conduct a dummy crash test on Plaintiffs' vehicle. However, Defendants failed to discover this defect and authorized the sale of a defective 2015 Chrysler Dodge vehicle. This lack of discovery and authorization of the sale of said vehicle shows a conscious indifference to the risk of harm.

### I. Damages

30. The above actions of Defendants constituted a producing cause of the economic damages of Plaintiffs in the amount of $3,300,000.00 for vehicle replacement, loss of employment, and future earnings.

31. Plaintiffs seek economic damages suffered due to the actions of Defendants.

### J. Interest; Attorney's Fees and Costs

32. As authorized in Section 17.50(d), Texas Business and Commerce Code and Section 38.001, Texas Civil Practice and Remedies Code, Plaintiffs seek reasonable attorney's fees and costs of court.

33. Plaintiffs seek prejudgment and post-judgment interest on all damage awards.

34. Plaintiffs ask that all judgment be rendered against all Defendants jointly and severally.

### K. Request for Disclosure

35. As provided in Rule 194, Texas Rules of Civil Procedure, Plaintiffs request disclosure of all items listed in Rule 194.2, Texas Rules of Civil Procedure.

### L. Prayer

Plaintiffs pray that citation be issued commanding Defendants to appear and answer herein and that Plaintiffs be awarded judgment against Defendants, jointly and severally, for actual damages, pre-judgment interest, post-judgment interest, costs of Court and for all other relief to which Plaintiffs are entitled both in equity and at law.

Respectfully submitted,

*/s/ Nickolas A. Spencer*
Nickolas A. Spencer
Spencer & Associates, PLLC
8403 Westglen Drive, Suite 2000
Houston, TX 77063
Phone: 713-863-1409
Email: nas@naslegal.com
Bar no: 24102529
Attorney for: Plaintiffs