United States District Court
Southern District of Texas
**ENTERED**
April 23, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JAMES MILES and KIMBERLY A. MILES, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. H-20-2479 |
| FIAT CHRYSLER AUTOMOBILES FCA US LLC and JK/SK FCA US LLC, | § § § § § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER**

In this products-liability action, James and Kimberly Miles sued two defendants, Fiat Chrysler Automobiles FCA US LLC and JK/SK FCA US LLC, in state court, based on injuries that allegedly resulted from a defective airbag in the plaintiffs' pickup truck. Fiat removed and moved for summary judgment. (Docket Entry Nos. 1, 15). The plaintiffs have responded. (Docket Entry No. 20).

Based on the motion, the response, the record, and the applicable law, the court grants Fiat's motion and enters final judgment by separate order. The reasons are explained below.

**I.     Background**[1]

In 2017, the plaintiffs' pickup truck, which Fiat designed and manufactured, collided with a vehicle driven by Felix Dominguez.[2] The plaintiffs allege that the airbags did not deploy. (Docket Entry No. 1-1 at ¶ 13). In 2019, the plaintiffs sued Fiat and JK/SK in Texas state court,

---

[1] The facts presented here come from the petition allegations and Fiat's motion for summary judgment because the plaintiffs do not dispute Fiat's factual allegations. *See* FED. R. CIV. P. 56(e)(2) ("If a party . . . fails to properly address another party's assertion of fact as required by Rule 56(c), the court may[] . . . consider the fact undisputed for purposes of the motion.").

[2] Dominguez is designated as a responsible third party. (Docket Entry No. 17).

asserting claims for breach of warranty under the Texas Deceptive Trade Practices Act, negligence, and gross negligence. (*Id.* at ¶¶ 16, 22, 26). Fiat timely removed, asserting jurisdiction under 28 U.S.C. § 1332(a). (Docket Entry No. 1).[3] At the initial conference, the court set the plaintiffs' expert-designation deadline as December 18, 2020. (Docket Entry No. 10). At the pretrial conference in April 2021, the court extended the plaintiffs' expert-designation deadline to April 16, 2021. The plaintiffs have not designated expert witnesses or sought an extension of time to do so.

Fiat has moved for summary judgment, arguing that the failure to designate expert witnesses is fatal to the products-liability claims. (Docket Entry No. 15 at 8). The plaintiffs have responded. (Docket Entry No. 20).

## II.     The Legal Standard for Summary Judgment

"Summary judgment is appropriate only if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Vann v. City of Southaven*, 884 F.3d 307, 309 (5th Cir. 2018) (per curiam) (quotation marks omitted); FED. R. CIV. P. 56(a). "A genuine dispute of material fact exists if a reasonable jury could enter a verdict for the non-moving party." *Doe v. Edgewood Indep. Sch. Dist.*, 964 F.3d 351, 358 (5th Cir. 2020). The moving party

---

[3] In its notice of removal, Fiat argued that the plaintiffs improperly joined defendant JK/SK to defeat jurisdiction under § 1332. (Docket Entry No. 1 at 2, 4–6). Fiat argued that no entity named "JK/SK FCA US LLC" exists. (*Id.*). The plaintiffs have not responded to this argument. The record supports finding that JK/SK was improperly joined. The plaintiffs have not served JK/SK, and it has not answered or otherwise appeared. (Docket Entry No. 1-3). Fiat states that JK/SK is not listed in the Texas Secretary of State database and that JK/SK is not a subsidiary or affiliate of Fiat. Because the plaintiffs do not present any evidence about JK/SK or their intent to pursue a claim against it, there is "no reasonable basis . . . to predict that the plaintiff[s] might be able to recover against" it, making that defendant improperly joined. *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc). The court dismisses JK/SK, without prejudice. *See Probasco v. Wal-Mart Stores Tex., L.L.C.*, 766 F. App'x. 34, 36 (5th Cir. 2019) (a nondiverse party improperly joined to defeat diversity under § 1332 "must be dismissed without prejudice." (quotation marks omitted)). Even if JK/SK existed, the court would dismiss it because the plaintiffs have failed to timely serve it. The state court issued a service citation for JK/SK in February 2020, but the plaintiffs have not effected service. (Docket Entry No. 1-3).

"bears the initial responsibility of . . . demonstrat[ing] the absence of a genuine issue of material fact," *Jones v. United States*, 936 F.3d 318, 321 (5th Cir. 2019) (citation omitted), and "identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact," *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

"Where the nonmovant bears the burden of proof at trial, the movant may merely point to an absence of evidence, thus shifting to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial." *Lyons v. Katy Indep. Sch. Dist.*, 964 F.3d 298, 301–02 (5th Cir. 2020) (citation and quotation marks omitted). While the party moving for summary judgment must demonstrate the absence of a genuine and material factual dispute, it does not need to negate the elements of the nonmovant's case. *Austin v. Kroger Tex., LP*, 864 F.3d 326, 335 (5th Cir. 2017) (per curiam) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1076 n.16 (5th Cir. 1994)). "[A] fact is 'material' if its resolution could affect the outcome of the action." *Dyer v. Houston*, 964 F.3d 374, 379 (5th Cir. 2020) (citation and quotation marks omitted). "If the moving party fails to meet [its] initial burden, the motion [for summary judgment] must be denied, regardless of the nonmovant's response." *Pioneer Expl., LLC v. Steadfast Ins. Co.*, 767 F.3d 503 (5th Cir. 2014) (quotation marks omitted).

When the moving party has met its burden, "the nonmoving party cannot survive a summary judgment motion by resting on the mere allegations of its pleadings." *Duffie v. United States*, 600 F.3d 362, 371 (5th Cir. 2010). The nonmovant must identify specific evidence in the record and articulate how that evidence supports that party's claim. *Willis v. Cleco Corp.*, 749 F.3d 314, 317 (5th Cir. 2014). "This burden will not be satisfied by some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence." *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005) (citation and

3

quotation marks omitted). In deciding a summary judgment motion, the court draws all reasonable inferences in the light most favorable to the nonmoving party. *Darden v. City of Fort Worth*, 880 F.3d 722, 727 (5th Cir. 2018).

### III. Analysis

Texas law applies. *See Funches v. Progressive Tractor & Implement Co.*, 905 F.3d 846, 849 (5th Cir. 2018); *Erie R.R. v. Tompkins*, 304 U.S. 64, 79–80 (1938) (when a diverse plaintiff asserts a state-law claim in federal court, the court follows state substantive law and federal procedural law). Under Texas law, claims for breach of warranty, negligence, and gross negligence based on personal injury or property damage caused by a defective product constitute a "products liability action." TEX. CIV. PRAC. & REM. CODE § 82.001(2);[4] *Fresh Coat, Inc. v. K–2, Inc.*, 318 S.W.3d 893, 900 (Tex. 2010).

"Under Texas law, 'expert testimony is generally encouraged if not required to establish a products liability claim.'" *Sims v. Kia Motors, Inc.*, 839 F.3d 393, 409 (5th Cir. 2016) (quoting *Ford Motor Co. v. Ledesma*, 242 S.W.3d 32, 42 (Tex. 2007)). Texas law requires expert testimony "when an issue involves matters beyond jurors' common understanding." *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 583 (Tex. 2006). Summary judgment is generally appropriate if a plaintiff fails to designate experts in a products-liability action, because the plaintiff "cannot raise

---

[4] Section 82.001(2) provides:

> "Products liability action" means any action against a manufacturer or seller for recovery of damages arising out of personal injury, death, or property damage allegedly caused by a defective product whether the action is based in strict tort liability, strict products liability, negligence, misrepresentation, breach of express or implied warranty, or any other theory or combination of theories.

TEX. CIV. PRAC. & REM. CODE § 82.001(2).

a genuine issue of material fact concerning key elements of [that party's] products liability claim." *Id.*

The plaintiffs had until December 18, 2020, to designate expert witnesses. (Docket Entry No. 10). They did not do so. At the April 2021 pretrial conference, the court extended the expert-designation deadline to April 16, 2021. (Docket Entry No. 19). Neither the record nor the plaintiffs' response to the summary-judgment motion show that they designated experts or moved to extend the deadline to do so. (*See* Docket Entry No. 20 at 1 ("[Fiat's] argument respecting expert witness standards is misplaced")).

Fiat argues that the failure to designate expert witnesses entitles it to summary judgment. The court agrees. *See Martinez v. Ethicon, Inc.*, No. 7:19-164, 2020 WL 2113638, at *3 (S.D. Tex. May 4, 2020) ("[the] [p]laintiff's failure to designate any experts . . . that could establish [the] [p]laintiff's claims entitles Defendants to summary judgment on [the product defect, manufacturing defect, failure to warn, and negligence] claims."). The plaintiffs' claims are based on their allegation that their truck had a "malfunctioning airbag system." (Docket Entry No. 1-1 at ¶¶ 19, 24, 29). Proving that an airbag system was defectively designed or manufactured requires expert testimony. *See Martinez v. Med. Depot, Inc.*, 434 F. Supp. 3d 537, 558 (S.D. Tex. 2020) (a defect in a nonmotorized wheelchair arm is beyond jurors' common understanding); *Lyon v. Atico Int'l USA, Inc.*, No. 10-08-46, 2009 WL 1800820, at *2 (Tex. App.—Waco June 24, 2009, no pet.) (expert testimony was required to prove a manufacturing defect in a portable picnic table).

To prove their claim for design defect, the plaintiffs must prove that: "(1) the product was defectively designed so as to render it unreasonably dangerous; (2) a safer alternative design existed; and (3) the defect was a producing cause of the injury for which the plaintiff[s] seek[] recovery." *Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 311 (Tex. 2009). To prove their claim

5

for a manufacturing defect, the plaintiffs must prove that "the product was defective when it left the hands of the manufacturer and that the defect was a producing cause of [their] injuries." *Casey v. Toyota Motor Eng'g & Mfg. N. Am., Inc.*, 770 F.3d 322, 326 (5th. Cir. 2014) (citing *Cooper Tire & Rubber Co. v. Mendez*, 204 S.W.3d 797, 800 (Tex. 2006)). Those elements require expert testimony. *See Caboni v. Gen. Motors Corp.*, 398 F.3d 357, 361 (5th Cir. 2005) ("[W]hether or not the failure of the driver's side air bag to deploy enhanced [the] plaintiff's injuries[] is not a part of the everyday experience of the consuming public . . . [and] jurors would need expert testimony to evaluate this issue." (quotation marks omitted)); *Yard v. DaimlerChrysler Corp.*, 44 S.W.3d 238, 243 (Tex. App.—Fort Worth 2001, no pet.) (lay testimony that an airbag failed to deploy "is not evidence that this failure caused [the plaintiff's] injuries and death"); *Nissan Motor Co. v. Armstrong*, 145 S.W.3d 131, 137 (Tex. 2004).

The plaintiffs' allegation that the airbag in their truck did not deploy is not enough to support finding that the airbag was defectively designed or manufactured. *See Cooper Tire*, 204 S.W.3d at 807 ("Texas law does not generally recognize a product failure standing alone as proof of a product defect."). Without expert testimony, the plaintiffs cannot prove their claims, and Fiat is entitled to summary judgment as a matter of law. *See Sterling v. United States*, 834 F. App'x 83, 87 (5th Cir. 2020) (affirming a grant of summary judgment because the plaintiff failed to designate expert witnesses and was therefore unable to withstand summary judgment).

The plaintiffs argue that Fiat's motion does not address their claim for fraudulent misrepresentation. (Docket Entry No. 20 at 1, 3; *see id.* at 3 ("There are two distinct harms here[:] [t]he products liability . . . arising out of the defective product . . . and the fraudulent misrepresentation respecting the failure.")). The plaintiffs have not pleaded a fraudulent-misrepresentation claim. In their state-court petition, the plaintiffs alleged that a Fiat

representative made false statements after inspecting their vehicle, (Docket Entry No. 1-1 at ¶¶ 19, 25), but those statements do not form the basis for a separate claim. Fiat's motion for summary judgment addresses the plaintiffs' claims.

## IV. Conclusion

Fiat's motion for summary judgment, (Docket Entry No. 15), is granted. Final judgment is entered separately.

SIGNED on April 23, 2021, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge